# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1488
_____

United States of America

*Plaintiff - Appellee*

v.

Isaac Lee Loggins, Jr.

*Defendant - Appellant*

_____

No. 24-1569
_____

United States of America

*Plaintiff - Appellee*

v.

Barton Ray Crandall

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: April 17, 2025
Resubmitted: July 8, 2026
Filed: July 10, 2026

_____

Before LOKEN, GRUENDER, and GRASZ, Circuit Judges.

_____

LOKEN, Circuit Judge.

These complex consolidated appeals again raise the question whether nonretroactive changes to relevant sentencing law can serve as an extraordinary and compelling reason to reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i), the statutory remedy known as compassionate release. Both district courts[1] held that such relief is foreclosed by our panel decision in United States v. Crandall, 25 F.4th 582, 583 (8th Cir.), cert. denied, 142 S. Ct. 2781 (2022).

Effective November 1, 2023, the United States Sentencing Commission amended its policy statements to add a new ground to its list of what constitutes "extraordinary and compelling reasons" -- defendant's "Unusually Long Sentence." USSG § 1B1.13(b)(6). Defendants Isaac Loggins and Barton Crandall (hereafter collectively referred to as "Defendants") separately appeal, arguing that the Sentencing Commission's new policy statement overruled our decision in Crandall. We consolidated the appeals and, after extensive briefing and oral argument in April 2025, held the appeals in abeyance pending the Supreme Court's decision in an appeal from the Third Circuit that seemed to present this same issue. The Supreme

_____

[1]The Honorable C. J. Williams, Chief Judge of the United States District Court for the Northern District of Iowa, and the Honorable Stephanie M. Rose, Chief Judge of the United States District Court for the Southern District of Iowa.

-2-

Court recently issued its decision in <u>Rutherford v. United States</u>, 146 S. Ct. 1320 (2026), essentially agreeing with our prior analysis in <u>Crandall</u>, and noting that "[i]nsofar as the Commission's amended policy statement maintains otherwise, it conflicts with the statute." <u>Id.</u> at 1330. Applying the Court's analysis in <u>Rutherford</u>, we affirm in both cases.

## I. Background.

Isaac Loggins committed a string of armed restaurant robberies in 2001. He pleaded guilty to crimes including twice using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). He was sentenced to 504 months imprisonment, later reduced to 353 months, 420 of which came from his mandatory § 924(c) sentences. Barton Crandall robbed two banks while armed with a shotgun in 1989. A jury convicted him of crimes including twice using and carrying a firearm during a crime of violence in violation of § 924(c), for which he received a mandatory 300-month sentence. Combined with other counts, Crandall was sentenced to 562 months imprisonment, later reduced to 526 months.

Years after Defendants were sentenced, Congress passed the First Step Act of 2018 ("the Act"), which reduced the mandatory penalties for repeated violations of § 924(c). Defendants (and many similarly situated prisoners) would like the benefits of the Act's amendments to § 924(c) because, they allege, if they were sentenced today, they would be subject to lower mandatory sentences due to the Act: 120 months for Crandall and 204 months for Loggins. Their problem is they were not sentenced today, and the Act's changes were not made retroactive; they apply only to defendants who had not yet been sentenced. <u>Rutherford</u>, 146 S. Ct. at 1327; <u>see</u> Pub. L. No. 115-391, § 403(b), 132 Stat. 5194, 5222.

"A prison sentence, once imposed, usually cannot be modified by the district court. . . .  As a rule . . . changes to sentencing statutes apply only to offenses committed after the statute's effective date."  Rutherford, 146 S. Ct. at 1326-27. "Ordinarily, because judges impose sentences based on the statutory penalties that exist at the time defendants commit their offenses, 1 U.S.C. § 109,[2] statutory changes to federal penalties only benefit *future* offenders."  Hewitt, 606 U.S. at 424 (emphasis in original).

To avoid this problem, Crandall in 2020 moved for compassionate release relief, a narrow exception that allows a court to reduce a term of imprisonment if it finds, after considering the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).  Crandall argued that the recently reduced statutory § 924(c) penalties constitute an "extraordinary and compelling reason" for a sentence reduction.

The district court disagreed, ruling that nonretroactive changes in the law cannot constitute extraordinary and compelling reasons for reducing a sentence.  We affirmed.  Interpreting the plain meaning of the statute's text, we reasoned that Congress frequently changes criminal penalties without making them retroactive, so such changes are not "extraordinary."  Even if they were extraordinary, they were not compelling because Congress establishing different sentences today is comparable

---

[2] 1 U.S.C. § 109, known as the Federal Savings Statute, "sets forth an important background principle of interpretation that a new criminal statute that repeals an older criminal statute shall not change the penalties incurred under that older statute 'unless the repealing Act shall so expressly provide.'"  Hewitt v. United States, 606 U.S. 419, 456 (2025) (Alito, J., dissenting) (cleaned up).

-4-

to a judge imposing a different punishment than a prior sentencing judge for the same offense, which does not justify a sentence reduction. To grant compassionate release on that basis would be inconsistent with Congress's decision to make the First Step Act nonretroactive. Crandall, 25 F.4th at 583, 586.

When we decided Crandall, there was no "applicable policy statement" from the Sentencing Commission addressing this issue. Now there is. In 2023, the Commission amended its policy statement to provide that:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

USSG § 1B1.13(b)(6). Defendants each moved for compassionate release relief, arguing that the new policy statement, § 1B1.13(b)(6), overrides our decision in Crandall. Both district courts disagreed, entering orders concluding that Crandall remains governing Eighth Circuit law and the Commission exceeded its authority in promulgating in USSG § 1B1.13(b)(6) a policy statement that is contrary to governing circuit law. A circuit split developed over this issue. Defendants appealed, and we consolidated their cases to resolve whether § 1B1.13(b)(6) undermines our holding in Crandall. After oral argument, the Supreme Court granted certiorari in Rutherford to decide the validity of § 1B1.13(b)(6), so we held these cases in abeyance pending that decision. Rutherford has now been decided, and we conclude it forecloses Defendants' arguments.

-5-

## II. The <u>Rutherford</u> Decision.

The Court explained that, after the Commission amended its policy statement, "[t]he Circuits remain divided over whether the disparity created by a nonretroactive change to sentencing law, like the Act, can constitute an 'extraordinary and compelling reaso[n]' that 'warrant[s]' compassionate release. We granted certiorari in these consolidated cases to resolve the split." <u>Rutherford</u>, 146 S. Ct. at 1330 (citation omitted).

Drawing on dictionary definitions, the Court first concluded that "'extraordinary and compelling' reasons are those that are especially unusual and convincing." Echoing our reasoning in <u>Crandall</u>, the Court held that "[w]hen Congress declines to make a sentencing amendment retroactive, the fact that a preamendment sentence is longer than it would have been postamendment is not an 'extraordinary and compelling reaso[n]' that 'warrant[s]' a sentence reduction":

> Far from "extraordinary," nonretroactive amendments to criminal penalties are the norm. Ordinarily, . . . statutory changes to federal penalties only benefit *future* offenders. . . . [A] nonretroactive penalty change necessarily creates a disparity between those who receive the benefit and those who do not. . . . Such a disparity is an unexceptional feature of a system in which nonretroactivity is the default. As for "compelling" . . . [t]reating the disparity resulting from § 924(c)'s amendment as a compelling reason for reducing a sentence would undermine Congress's choice to leave the sentence intact.

<u>Id.</u> at 1330-31 (cleaned up) (emphasis in original).

The Court then responded to Petitioners' argument that the Court's interpretation of § 3582(c)(1)(A)(i) "must yield" to the Sentencing Commission's

-6-

"current policy statement [that] allows consideration of nonretroactive legal changes in certain circumstances":

> Petitioners misunderstand the Commission's role. Congress has empowered the Commission to "give meaning" to the compassionate release provision by identifying the circumstances that constitute "extraordinary and compelling" reasons for release. Loper Bright Enters. v. Raimondo, 603 U.S. 369, 394 (2024). Even so, the Commission's policy statements must be "consistent with" the governing statute, 28 U.S.C. § 944(a), and courts have a duty to "independently interpret the statute and effectuate the will of Congress," 603 U.S. at 395. We are not bound to follow the Commission's guidance when it "exceed[s its] statutory authority" by adopting a definition of a term that is inconsistent with the statute. Put differently, the Commission's interpretation must land within the statutory goalposts, no matter how wide they might be.

Id. at 1334 (citations omitted). The Court then held that "[t]he statutory text and structure make clear that Congress's nonretroactive change to § 924(c) -- considered by itself or in combination with other factors -- cannot make a prisoner eligible for compassionate release. To the extent that it counsels otherwise, the Commission's policy statement is invalid." Id. at 1335.

Consistent with the Supreme Court's binding decision in Rutherford, we hold that the First Step Act's nonretroactive statutory changes to § 924(c), like other nonretroactive legal changes, cannot, whether offered alone or in combination with other insufficient factual considerations, constitute "extraordinary and compelling" reasons for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See Crandall, 25 F.4th at 586.

For the foregoing reasons, the orders of the district courts are affirmed.

_____